UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NARADA HOUSEN,<br><br>Petitioner,<br><br>v.<br><br>CHARLES GREEN,<br><br>Respondent. | Civil Action No. 16-8209 (SRC)<br><br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Petitioner's submission of a Petition for Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241. (ECF No. 1.) For the reasons explained in this Memorandum Opinion, the Court will dismiss the petition because Petitioner has already received an individualized bond hearing before an Immigration Judge, and he has failed to exhaust his administrative remedies as to any possible claim that he is entitled to a second bond hearing on the basis of changed circumstances.

The Petition and the Answer filed by Respondent establish the following relevant facts. On September 1, 2015, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE"). (*See* Pet. at 2.) The Petitioner was charged as being removable from the United States under 8 U.S.C. § 1227(a)(2)(B)(i) (*see* Pet. at 8), and was detained by ICE pursuant to 8 U.S.C. § 1226(c).

On March 14, 2016, the Petitioner filed a habeas petition in this Court. (*See* Docket for *Housen v. Green*, Case 2:16-cv-01448-SRC ("*Housen I*").) On April 21, 2016, this Court granted that petition, and remanded the matter to the Immigration Court to conduct a bond

1

determination. (*Id.*, Dkt. No. 5.)

It appears that Petitioner was provided an individualized bond determination pursuant to this Court's Order in *Housen* I. (*See* ECF No. 4-1, Order of the Immigration Judge with Respect to Custody dated April 27, 2016, attached as Exhibit to Respondent's Answer). The Immigration Judge denied the Petitioner's request for release on bond finding that he is a danger to the community. (*See id.*)

Petitioner now brings this second habeas Petition arguing that his detention is unreasonable and therefore he should be ordered released from custody on reasonable bail or an order of supervision.[1] (*See* Pet. at 16). Alternatively, the Petitioner requests an individualized bond hearing. (*Id.* at 17.) Petitioner, however, has already received an individualized bond hearing – the only remedy available to him before this Court. *See* 8 C.F.R. § 1003.19(c). Petitioner has not filed a reply to Respondent's Answer and does not allege in his Petition that the bond hearing provided to him was anything less than a *bona fide* hearing. This Court does not have the power to second guess the discretionary decision of the IJ to deny Petitioner's release on bond. *See Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) (citing 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole")); *see also Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because

---

[1] Petitioner does not acknowledge in his second Petition that he has already sought habeas relief and received a bond hearing.

he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004)); *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) ("If [the detainee] requests, but is wrongfully denied, a bond hearing, he may ask this Court to order that such a hearing be held. After a *bona fide* bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.") (footnote omitted). Here, the Petition is subject to dismissal because Petitioner has already received habeas relief and a bond hearing before the IJ.

The Court further notes that Petitioner may seek bond redetermination based upon changed circumstances, *see* 8 C.F.R. § 1003.19(e); the Petition, however, does not allege that Petitioner has sought (and has been denied) a second bond redetermination hearing based on changed circumstances. Furthermore, any claim for a second bond hearing based on changed circumstances must be made to the immigration court, and any adverse decision must be appealed to the BIA. *See* 8 C.F.R. § 1003.19(e). Accordingly, to the extent Petitioner is seeking second bond hearing, it appears that he has not exhausted his administrative remedies. *Nepomuceno v. Holder*, No. CIV. 11-6825 WJM, 2012 WL 715266, at *2 (D.N.J. Mar. 5, 2012) ("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.'")(citing *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)).

For the reasons explained in this Memorandum Opinion, the Petition is dismissed without

prejudice.[2]  An appropriate Order follows.

                                                    _____
                                                    STANLEY R. CHESLER, U.S.D.J.

---

[2] The dismissal is without prejudice to the filing of a new § 2241 petition in the event that Petitioner has been detained for more than six months after entry of a final order of removal and his removal is not reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (To guide habeas courts, the Supreme Court recognized six months as a "presumptively reasonable period" of post-removal-period detention under § 1231(a)(6). "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing").